THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES VINTALORO, Appellant.— Appeal by defendant from a judgment of the County

Court, Westchester County, rendered May 24, 1972, convicting him of criminal contempt in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and indictment dismissed. The transcript of proceedings before the Grand Jury on February 19, 1971 indicates that the prosecuting attorney did not expressly request the Grand Jury to order appellant to answer the questions put to him and that no order to answer those questions was directed to appellant by the 'Grand Jury. Complete immunity from prosecution may be conferred upon a witness only by strict compliance with the procedural requirements of the immunity statute (*People* v. *Laino*, 10 N Y 2d 161, 173–174). Since the statute is not self-executing and its procedures were not followed, appellant's privilege against self incrimination was not displaced by immunity and he was entitled to continue to invoke that privilege (cf. *People* v. *Masiello*, 28 N Y 2d 287, 291; *People* v. *De Feo*, 308 N. Y. 595, 604). Rabin, P. J., Hopkins, Martuscello and Latham, JJ., concur; Munder, J., dissents and votes to affirm the judgment, with the following memorandum: The record amply supports the judgment of conviction. It shows that defendant was called to testify before a Westchester County Grand Jury investigating allegations of political corruption, that he was asked certain questions, that he refused to answer by asserting his privilege against self incrimination, that the Grand Jury voted to confer immunity, that the prosecutor, at the request of the Grand Jury, explained clearly to defendant that he had been granted immunity and that defendant understood the explanation, but that, nevertheless, when he was again asked the questions, he refused to answer on grounds of self incrimination. I do not see what else is needed to hold defendant in contempt. The majority would reverse on the ground defendant was not "ordered" to answer. There can be no doubt that *defendant knew he was being ordered to answer*. To use the words of Mr. Justice Frankfurter in *Piemonte* v. *United States* (367 U. S. 556, 560), "Petitioner plainly must have known — and gave every indication that he knew — that he was required to answer all questions put to him by the grand jury in return for equivalent, compensating immunity." No other reasonable conclusion can be drawn from the entire proceeding, which included the following exchange between the prosecutor and defendant after immunity was granted: "Q. Also, you could be guilty of the crime of contempt if you acted in a contumacious and unlawful manner before this grand jury. Now, what that means is, now that you have been given immunity, if you should give an outright refusal to answer questions — A. Yes. Q. — that could be the basis for a contempt indictment. In other words, *you cannot refuse to answer the questions*. A. Yes" (italics added). To me, that constitutes a direction to defendant to answer. His willful and persistent refusal to answer made a more explicit direction unnecessary (*People* v. *Vitale*, 18 A D 2d 660).